STATE OF LOUISIANA IN THE INTEREST OF L.R.

VERSUS

*     NO. 2019-CA-0843

*     COURT OF APPEAL

*     FOURTH CIRCUIT

*     STATE OF LOUISIANA

*

*

\* \* \* \* \* \* \*

**BROWN, J., CONCURS IN THE RESULT WITH THE REASONS SET FORTH BY J., LOMBARD AND ASSIGNS ADDITIONAL REASONS**

While I agree with the outcome of the case, I write separately to address L.R.'s claim that his disposition is excessive.

First, I believe confinement of a juvenile until age 21 should be sparingly imposed for juveniles under the age of 14, particularly in light of La. Ch.C. art. 897.1 wherein the legislature reserves such a sentence for a juvenile 14 years or older at the time of the commission of the specified acts including second degree murder and armed robbery.

Second, I disagree with the majority opinion's emphasis on L.R.'s "lack of remorse" and "his unwillingness to admit responsibility to these acts after adjudication" as factors in support of the juvenile court's imposition of juvenile life sentences. Psychiatrist, Dr. Denise Sherrington, an expert in the field of childhood trauma, testified that she was of the opinion that L.R. suffered from severe to extreme "post-traumatic stress disorder, chronic with disassociative features" due to past traumatic events in his young life. When the juvenile court judge questioned Dr. Sherrington about L.R.'s failure to admit his actions,

particularly regarding the attempted second degree murder and armed robbery, Dr. Sherrington explained it was a result of L.R.'s mental health issues.[1]

Notwithstanding, in light of the extensive reasons set forth by the juvenile court including the positive progress L.R. has made since being in custody, the juvenile court's order that L.R. receive mental health treatment while in custody, and the juvenile court's pronouncement that it will entertain L.R.'s possible release when L.R. reaches age 17, if certain factors are met, I agree with the majority that the juvenile court judge did not abuse its discretion in committing L.R. to a traditional custodial environment until age 21 for the delinquent acts of attempted second degree murder and armed robbery.

---

[1] Significantly, the following exchange occurred:

> **THE COURT**:
> Okay, and when you are assessing trauma isn't it in your medical expertise, isn't it easier to make an assessment when you have all the facts?
>
> **MS. SHERRINGTON**:
> Well, I know that with trauma, the brain, the memory around trauma is not always consistent and so, it's helpful to get as much information as I can, but usually the person who is involved in such extreme trauma at times has memory problems and a significant part of the impact of trauma in the brain, so the stories sometimes are not consistent, there's forgetting, and so I'm aware that that happens.
>
> **THE COURT**:
> And is it possible, if a hospital setting is what is recommended, is it possible to receive the type of treatment that a person would need if they're not even forthcoming with what happened? So how do we treat someone who's still not giving you the whole picture, that's what I'm trying to figure out?
>
> **MS. SHERRINGTON**:
> That happens over time.
>
> * * *
>
> **MS. SHERRINGTON**:
> It takes awhile for the person to be able to get comfortable with, to lose the fear and shame that they feel about these incidents to be able to talk about them.